1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS CHARLES CROSBY, | Case No. 1:23-cv-01363-NODJ-CDB |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO PAY SANCTIONS OF $100 PER DAY |
| v. | (Docs. 5, 8) |
| DONALD CHARLES NEFF, | |
| Defendant. | |

17      On September 15, 2023, Plaintiff Curtis Charles Crosby ("Plaintiff") initiated this action

18  with the filing of a complaint against Defendant Donald Charles Neff.  (Doc. 1).  Although no cause

19  of action expressly is asserted in the complaint, the allegations appear to implicate a claim for

20  negligence relating to an automobile accident between the parties.  *Id.*

21      On the same day the complaint was filed, the Court entered an order directing Plaintiff to

22  "diligently pursue service of summons and complaint" and "promptly file proofs of service." (Doc.

23  4).  The order further advised Plaintiff that failure to diligently prosecute this action "may result in

24  the imposition of sanctions, including the dismissal of unserved defendants." (*Id.* at 1).

25      Notwithstanding these admonitions, more than two months following his filing of the

26  complaint, Plaintiff had not filed proof of service and the Defendant had not appeared in the action.

27  Accordingly, on November 28, 2023, the Court entered an order continuing the scheduling

28  conference by 30 days and directing Plaintiff within seven days to file proof of service or a report

setting forth good cause for the delay in completing service. (Doc. 5). The Court admonished Plaintiff: "Failure to timely comply with this Order will result in the imposition of sanctions." *Id.*

On December 5, 2023, Plaintiff timely filed an unsworn declaration of his counsel in response to the Court's order. (Doc. 7). Therein, counsel represents he did not initially attempt to serve Defendant upon commencement of the action, opting instead to negotiate with Defendant's insurance carrier, and only commenced service attempts "[w]hen it became clear that the case would not settle and that the insurance company would not accept service on the Defendant's behalf." *Id.* ¶¶ 2-3. Counsel further represents that his process server made contact with a person on November 21, 2023, later confirmed to be Defendant, although it is unclear whether service was effected on that date. *Id.* ¶¶ 4-5. Counsel represents that he "anticipates filing a Proof of Service shortly, and certainly before the currently scheduled [scheduling conference." *Id.* ¶ 6.

After two weeks passed without Plaintiff filing proof of service, the Court entered an order finding good cause for a brief extension of the 90-day time within which to effect service. (Doc. 8) (citing Fed. R. Civ. P. 4(m)). Accordingly, the Court ordered Plaintiff to effect service and promptly file proof of service by December 21, 2023. *Id.* Once again, the Court admonished Plaintiff: "Any failure by Plaintiff to timely comply with this order will result in the imposition of sanctions, up to and including financial sanctions and dismissal of this action for failure to comply with the Court's orders and failure to prosecute." *Id.*

The deadline for Plaintiff to perfect service and file proof thereof has passed and Plaintiff has filed neither the required proof of service, nor any report explaining his delinquency, nor any request for extension.

The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is to secure the "just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. *See, e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Relevant here, Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey an order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs

so as to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). In order to compel a party to comply with the Court's orders, the Court may issue daily sanctions until compliance is obtained. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110. Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." E.D. Cal. L.R. 184(a). "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." *Id.*

Under these circumstances, the Court finds that Plaintiff's neglect in prosecuting this action warrants a monetary sanction to compel Plaintiff to comply with this Court's orders. Therefore, to gain Plaintiff's compliance, a $100.00 sanction shall be imposed on Plaintiff commencing on the date of this order and shall continue to be imposed each day thereafter until Plaintiff files proof of service or a sworn declaration setting forth good cause for any further delay. Any compliant filing by Plaintiff on the date of this Order will not relieve Plaintiff of the sanction imposed commencing on this date. Further, the daily deadline shall expire at the close of business each day at 5:00 p.m.

/ / /

/ / /

/ / /

3

Based on the foregoing, IT IS HEREBY ORDERED, Plaintiff shall pay the Clerk of the Court $100 per day, beginning on the date of this order, until he complies with this Order.

IT IS SO ORDERED.

Dated:   **December 22, 2023**

_____
UNITED STATES MAGISTRATE JUDGE