UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS CHARLES CROSBY,<br><br>  Plaintiff,<br><br> v.<br><br>DONALD CHARLES NEFF,<br><br>  Defendant. | Case No. 1:23-cv-01363-NODJ-CDB<br><br>**ORDER DISCHARGING SANCTIONS ORDER AND REQUIRING PLAINTIFF TO PAY SANCTIONS**<br><br>(Doc. 9)<br><br>**14-DAY DEADLINE** |

    On September 15, 2023, Plaintiff Curtis Charles Crosby ("Plaintiff") initiated this action with the filing of a complaint against Defendant Donald Charles Neff. (Doc. 1). Although no cause of action expressly is asserted in the complaint, the allegations appear to implicate a claim for negligence relating to an automobile accident between the parties. *Id*.

    On the same day the complaint was filed, the Court entered an order directing Plaintiff to "diligently pursue service of summons and complaint" and "promptly file proofs of service." (Doc. 4). The order further advised Plaintiff that failure to diligently prosecute this action "may result in the imposition of sanctions, including the dismissal of unserved defendants." (*Id.* at 1).

    Notwithstanding these admonitions, more than two months following his filing of the complaint, Plaintiff had not filed proof of service and the Defendant had not appeared in the action. Accordingly, on November 28, 2023, the Court entered an order continuing the scheduling

1    conference by 30 days and directing Plaintiff within seven days to file proof of service or a report
2    setting forth good cause for the delay in completing service. (Doc. 5).  The Court admonished
3    Plaintiff: "Failure to timely comply with this Order will result in the imposition of sanctions." *Id.*

4    On December 5, 2023, Plaintiff timely filed an unsworn declaration of his counsel in
5    response to the Court's order. (Doc. 7).  Therein, counsel represented he did not initially attempt
6    to serve Defendant upon commencement of the action, opting instead to negotiate with Defendant's
7    insurance carrier, and only commenced service attempts "[w]hen it became clear that the case
8    would not settle and that the insurance company would not accept service on the Defendant's
9    behalf." *Id.* ¶¶ 2-3.  Counsel further represented that his process server made contact with a person
10   on November 21, 2023, later confirmed to be Defendant.  Counsel represented that he "anticipate[d]
11   filing a Proof of Service shortly, and certainly before the currently scheduled [scheduling]
12   conference." *Id.* ¶ 6.

13   After two weeks passed without Plaintiff filing proof of service, the Court entered an order
14   finding good cause for a brief extension of the 90-day time within which to effect service.  (Doc.
15   8) (citing Fed. R. Civ. P. 4(m)).  Accordingly, the Court ordered Plaintiff to effect service and
16   promptly file proof of service by December 21, 2023.  *Id.*  Once again, the Court admonished
17   Plaintiff: "Any failure by Plaintiff to timely comply with this order will result in the imposition of
18   sanctions, up to and including financial sanctions and dismissal of this action for failure to comply
19   with the Court's orders and failure to prosecute." *Id.*

20   The deadline for Plaintiff to perfect service and file proof thereof passed without Plaintiff
21   filing either a summons returned executed, a report, a request for extension or any other pleading.
22   Accordingly, on December 22, 2023, the Court entered an order requiring Plaintiff to pay daily
23   sanctions in the amount of $100 until he complied with this Court's orders to file proof of service
24   or a sworn declaration setting forth good cause for any further delay.  (Doc. 9).

25   On December 29, 2023, Plaintiff filed a proof of service of summons and complaint. (Doc.
26   10).  The proof of service – attested to by a process server on December 12, 2023 – reflects that
27   Defendant was personally served with the summons and complaint on December 8, 2023.  *Id*.  The
28   Court has no further information before it to determine the nature of the continued delay between

service and Plaintiff's filing of the executed summons.

In light of Plaintiff's filing of proof of service, the Court perceives Plaintiff recognizes the importance of timely complying with this Court's orders and thus shall discharge further sanctions and shall impose a $400.00 sanction based on the Court's order (Doc. 9).

Based on the foregoing, IT IS HEREBY ORDERED that:

Plaintiff shall pay the Clerk of the Court $400.00 in sanctions no later than January 17, 2024, and shall file proof of payment with the Court within three (3) days of completing payment.

And IT IS FURTHER ORDERED that if such payment and proof of payment is not timely made, additional sanctions of $50.00 per day shall issue from January 17, 2024 until full payment is received.

IT IS SO ORDERED.

Dated: **January 3, 2024**

UNITED STATES MAGISTRATE JUDGE