UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS CHARLES CROSBY,<br><br>  Plaintiff,<br><br> v.<br><br>DONALD CHARLES NEFF,<br><br>  Defendant. | Case No. 1:23-cv-01363-CDB<br><br>**ORDER REQUIRING PLAINTIFF AND COUNSEL TO SHOW CAUSE IN WRITING AS TO WHY DAILY SANCTIONS SHOULD NOT CONTINUE AND WHY FULL SANCTION AMOUNT SHOULD NOT BE IMPOSED AND REPORTED TO STATE BAR**<br><br>(Doc. 11)<br><br>**FEBRUARY 2, 2024, DEADLINE** |

**Background**

On September 15, 2023, Plaintiff Curtis Charles Crosby ("Plaintiff") initiated this action with the filing of a complaint against Defendant Donald Charles Neff. (Doc. 1). Although no cause of action expressly is asserted in the complaint, the allegations appear to implicate a claim for negligence relating to an automobile accident between the parties. *Id*.

On the same day the complaint was filed, the Court entered an order directing Plaintiff to "diligently pursue service of summons and complaint" and "promptly file proofs of service." (Doc. 4). The order further advised Plaintiff that failure to diligently prosecute this action "may result in the imposition of sanctions, including the dismissal of unserved defendants." (*Id.* at 1).

Notwithstanding these admonitions, more than two months following his filing of the complaint, Plaintiff had not filed proof of service and the Defendant had not appeared in the action.

Accordingly, on November 28, 2023, the Court entered an order continuing the scheduling conference by 30 days and directing Plaintiff within seven days to file proof of service or a report setting forth good cause for the delay in completing service. (Doc. 5). The Court admonished Plaintiff: "Failure to timely comply with this Order will result in the imposition of sanctions." *Id.*

On December 5, 2023, Plaintiff timely filed an unsworn declaration of his counsel in response to the Court's order. (Doc. 7). Therein, counsel represented he did not initially attempt to serve Defendant upon commencement of the action, opting instead to negotiate with Defendant's insurance carrier, and only commenced service attempts "[w]hen it became clear that the case would not settle and that the insurance company would not accept service on the Defendant's behalf." *Id.* ¶¶ 2-3. Counsel further represented that his process server made contact with a person on November 21, 2023, later confirmed to be Defendant. Counsel represented that he "anticipate[d] filing a Proof of Service shortly, and certainly before the currently scheduled [scheduling] conference." *Id.* ¶ 6.

After two weeks passed without Plaintiff filing proof of service, the Court entered an order finding good cause for a brief extension of the 90-day time within which to effect service. (Doc. 8) (citing Fed. R. Civ. P. 4(m)). Accordingly, the Court ordered Plaintiff to effect service and promptly file proof of service by December 21, 2023. *Id.* Once again, the Court admonished Plaintiff: "Any failure by Plaintiff to timely comply with this order will result in the imposition of sanctions, up to and including financial sanctions and dismissal of this action for failure to comply with the Court's orders and failure to prosecute." *Id.*

The deadline for Plaintiff to perfect service and file proof thereof passed without Plaintiff filing either a summons returned executed, a report, a request for extension or any other pleading. Accordingly, on December 22, 2023, the Court entered an order requiring Plaintiff to pay daily sanctions in the amount of $100 until he complied with this Court's orders to file proof of service or a sworn declaration setting forth good cause for any further delay. (Doc. 9).

On December 29, 2023, Plaintiff filed a proof of service of summons and complaint. (Doc. 10). The proof of service – attested to by a process server on December 12, 2023 – reflects that Defendant was personally served with the summons and complaint on December 8, 2023. *Id*. The

1  Court has no further information before it to determine the nature of the continued delay between
2  service and Plaintiff's filing of the executed summons.
3  In light of Plaintiff's filing of the proof of service, the Court discharged its show cause order
4  and imposed a $400.00 sanction for Plaintiff's failure to comply with Court orders and delay,
5  payable within 14 days (*e.g.*, no later than January 17, 2024). (Doc.11). This amount was
6  calculated from the date of issuance of the December 22 show cause order to Plaintiff's December
7  29 response, less three days to account for holidays ($100/day x 7 days - 3 days = $400). The Court
8  further ordered Plaintiff to file proof of payment with the Court within three days of completing
9  payment (*e.g.*, no later than January 21, 2024). *Id.* at 3. To date, Plaintiff has failed to file proof
10 of payment and the docket reflects no other entry suggesting Plaintiff has satisfied his obligation to
11 pay sanctions.
12 The Court's sanctions order additionally provided:
13 
> IT IS FURTHER ORDERED that if such payment and proof of payment is not timely made, additional sanctions of $50.00 per day shall issue from January 17,
14 > 2024 until full payment is received.

15 *Id.*
16 **Discussion**
17 Here, despite the Court's repeated admonitions to Plaintiff to perfect service and timely
18 file proof thereof, Plaintiff complied with the Court's direction only after it entered an order
19 imposing sanctions. (Docs. 5, 8, 9, 10). Among other things, because Plaintiff failed to timely
20 pay the previously-imposed $400 sanction, daily sanctions recommenced on January 17, 2024,
21 and will reach an additional amount of $650 on the date of this order (January 29, 2024), for a
22 sanction presently in arrears in the total amount of $1,050. Pursuant to California law, "a court
23 shall notify the State Bar of any of the following: . . . (3) The imposition of any judicial sanctions
24 against an attorney, except sanctions for failure to make discovery or monetary sanctions of less
25 than one thousand dollars ($1,000)." Cal. Bus. & Prof. Code § 6086.7(a)(3).
26 It is not clear if Plaintiff or his counsel are even aware of the ongoing daily sanctions, and
27 counsel may have neglected to read the order entirely, or otherwise failed to address it. The
28 Court shall afford Plaintiff and his counsel an opportunity to explain why the total sanction

amount already compiled as of this date should not be imposed in total, jointly and severally against Plaintiff and his counsel. The Court may accept a partial reduction of the total amount of sanctions based on a clear and convincing demonstration of good cause addressing the failure to timely pay to the Clerk of Court the $400 sanction previously imposed.

To be clear to Plaintiff and his counsel, nothing in this order suspends the ongoing imposition of the daily sanctions that began on January 17, 2024, and the daily sanctions will continue to accrue during the pendency of the response period indicated in this order, until Plaintiff and counsel comply with the January 3, 2024, order and this order.

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that on or before February 2, 2024, Plaintiff Curtis Charles Crosby and counsel Randall Austin Baker, Jr., shall show cause in writing why the cumulative, previously imposed sanction and daily sanction amount set to reach $1,050 as of the date of this order (January 29, 2024), shall not be jointly and severally imposed, why such sanction shall not be reported to the State Bar of California, and why daily sanctions shall not continue to be imposed

IT IS SO ORDERED.

Dated: **January 29, 2024**

UNITED STATES MAGISTRATE JUDGE

4