UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS CHARLES CROSBY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DONALD CHARLES NEFF,<br><br>　　　　　Defendant. | Case No. 1:23-cv-01363-CDB<br><br>**ORDER DISCHARGING SANCTIONS ORDER AND REQUIRING PLAINTIFF TO PAY SANCTIONS**<br><br>(Doc. 23)<br><br>**MARCH 6, 2024, DEADLINE** |

**Background**

On September 15, 2023, Plaintiff Curtis Charles Crosby ("Plaintiff") initiated this action with the filing of a complaint against Defendant Donald Charles Neff. (Doc. 1). Although no cause of action expressly is asserted in the complaint, the allegations appear to implicate a claim for negligence relating to an automobile accident between the parties. *Id.*

On the same day the complaint was filed, the Court entered an order directing Plaintiff to "diligently pursue service of summons and complaint" and "promptly file proofs of service." (Doc. 4). The order further advised Plaintiff that failure to diligently prosecute this action "may result in the imposition of sanctions, including the dismissal of unserved defendants." (*Id.* at 1).

Notwithstanding these admonitions, more than two months following his filing of the complaint, Plaintiff had not filed proof of service and the Defendant had not appeared in the action. Accordingly, on November 28, 2023, the Court entered an order continuing the scheduling

conference by 30 days and directing Plaintiff within seven days to file proof of service or a report setting forth good cause for the delay in completing service. (Doc. 5). The Court admonished Plaintiff: "Failure to timely comply with this Order will result in the imposition of sanctions." *Id.*

On December 5, 2023, Plaintiff timely filed an unsworn declaration of his counsel in response to the Court's order. (Doc. 7). Therein, counsel represented he did not initially attempt to serve Defendant upon commencement of the action, opting instead to negotiate with Defendant's insurance carrier, and only commenced service attempts "[w]hen it became clear that the case would not settle and that the insurance company would not accept service on the Defendant's behalf." *Id.* ¶¶ 2-3. Counsel further represented that his process server made contact with a person on November 21, 2023, later confirmed to be Defendant. Counsel represented that he "anticipate[d] filing a Proof of Service shortly, and certainly before the currently scheduled [scheduling] conference." *Id.* ¶ 6.

After two weeks passed without Plaintiff filing proof of service, the Court entered an order finding good cause for a brief extension of the 90-day time within which to effect service. (Doc. 8) (citing Fed. R. Civ. P. 4(m)). Accordingly, the Court ordered Plaintiff to effect service and promptly file proof of service by December 21, 2023. *Id.* Once again, the Court admonished Plaintiff: "Any failure by Plaintiff to timely comply with this order will result in the imposition of sanctions, up to and including financial sanctions and dismissal of this action for failure to comply with the Court's orders and failure to prosecute." *Id.*

The deadline for Plaintiff to perfect service and file proof thereof passed without Plaintiff filing either a summons returned executed, a report, a request for extension or any other pleading. Accordingly, on December 22, 2023, the Court entered an order requiring Plaintiff to pay daily sanctions in the amount of $100 until he complied with this Court's orders to file proof of service or a sworn declaration setting forth good cause for any further delay. (Doc. 9).

On December 29, 2023, Plaintiff filed a proof of service of summons and complaint. (Doc. 10). The proof of service – attested to by a process server on December 12, 2023 – reflects that Defendant was personally served with the summons and complaint on December 8, 2023. *Id*. The Court has no further information before it to determine the nature of the continued delay between

service and Plaintiff's filing of the executed summons.

In light of Plaintiff's filing of the proof of service, the Court discharged its show cause order and imposed a $400.00 sanction for Plaintiff's failure to comply with Court orders and delay, payable within 14 days (*e.g.*, no later than January 17, 2024). (Doc.11). This amount was calculated from the date of issuance of the December 22 show cause order to Plaintiff's December 29 response, less three days to account for holidays ($100/day x 7 days - 3 days = $400). The Court further ordered Plaintiff to file proof of payment with the Court within three days of completing payment (*e.g.*, no later than January 21, 2024). *Id.* at 3.

When Plaintiff failed to timely file proof of payment, the imposition of additional, daily sanctions of $50.00 commenced beginning January 17, 2024. *Id.* On January 29, 2024, when the total sum of sanctions imposed had exceeded the $1,000 amount triggering mandatory reporting to the California state bar, the Court ordered Plaintiff to show cause why such sanctions should not be imposed. (Doc. 23 p. 3) (citing Cal. Bus. & Prof. Code § 6086.7(a)(3)).

On February 2, 2024, counsel for Plaintiff responded to the Court's show cause order. (Doc. 24). In his declaration, counsel attests that he advised his firm of the sanctions order and instructed an office manager to issue payment to the Clerk of the Court. *Id.* ¶ 2. Counsel further attests that he was admitted to a hospital emergency room on January 22, 2024, and discharged on January 25, 2024. *Id.* ¶¶ 3-4. Counsel attests that he returned to his office on January 30, 2024, and "was surprised to learn that my firm had not, in fact, paid the sanctions that had previously been ordered." *Id.* ¶ 4. Counsel attaches to his declaration a photocopy image of a check dated January 31, 2024, in the amount of $450 (*id.* Ex. 1) and the docket reflects receipt and deposit by the Clerk of the Court of said amount.

**Discussion**

Here, despite the Court's repeated admonitions to Plaintiff to perfect service and timely file proof thereof, Plaintiff complied with the Court's direction only after it entered an order imposing sanctions. (Docs. 5, 8, 9, 10). Among other things, because Plaintiff failed to timely pay the $400 sanction previously imposed, daily sanctions recommenced on January 17, 2024, and by January 29, 2024, the total sum of accrued sanctions required reporting to the California

3

state bar.

In its show cause order, the Court indicated it may accept a partial reduction of the total amount of sanctions based on a clear and convincing demonstration of good cause addressing the failure to timely pay to the Clerk of Court the $400 sanction previously imposed. (Doc. 23 at 4). While counsel for Plaintiff's declaration establishes good cause for counsel's failure to pay sanctions during the brief time he was admitted to the hospital (*e.g.*, four days), he offers no reasonable explanation for his failure to timely pay the $400 sanctions that was due several days prior to his hospital admission (January 17, 2024) other than to attribute the payment delinquency to his office staff's failure to follow his directions.   This does not constitute a "clear and convincing demonstration of good cause" given a lawyer's ultimate responsibility to adequately supervise nonlawyer assistants. *See* Cal. R. Pro. Conduct 5.3.

The total amount of sanctions accrued as of the date of the Court's show cause order was $1,050.  Counsel for Plaintiff has since remitted a $450 payment to the Clerk of the Court, leaving a pending balance of $600.  The Court will subtract the amount of daily sanctions imposed during counsel for Plaintiff's four-day admission to the hospital (*e.g.*, $200), leaving a balance of sanctions due of $400.  Because the total amount of this reduced sanction (*e.g.*, $850) falls below the $1,000 mandatory reporting requirement (*see* Cal. Bus. & Prof. Code § 6086.7(a)(3)), the Court will not require reporting to the California state bar <u>so long as</u> Plaintiff timely pays the remaining amount due.

**<u>Conclusion and Order</u>**

Based on the foregoing, IT IS HEREBY ORDERED that:

Plaintiff shall pay the Clerk of the Court $400.00 in sanctions no later than <u>March 6, 2024</u>, and shall file proof of payment with the Court <u>within three (3) days</u> of completing payment.

/ / /

/ / /

/ / /

4


1   And IT IS FURTHER ORDERED that if such payment and proof of payment is not
2   timely made, additional sanctions of $50.00 per day shall issue from March 6, 2024, until full
3   payment is received.

4   IT IS SO ORDERED.

5   Dated:   **February 21, 2024**

6                           UNITED STATES MAGISTRATE JUDGE