UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS CHARLES CROSBY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DONALD CHARLES NEFF,<br><br>　　　　　Defendant. | Case No. 1:23-cv-01363-CDB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>(Doc. 15) |

　　　　On September 15, 2023, Plaintiff Curtis Charles Crosby ("Plaintiff") initiated this action with the filing of a complaint against Defendant Donald Charles Neff ("Defendant"). (Doc. 1). Although no cause of action expressly is asserted in the complaint, the allegations appear to advance a claim for negligence relating to an automobile accident between the parties. *Id.*

　　　　Pending before the Court is Defendant's motion to dismiss for improper venue pursuant to Fed. R. Civ. P. 12(b)(3), filed January 8, 2024. (Doc. 15). Although Plaintiff was required within 14 days thereafter to file either an opposition or statement of non-opposition, he has filed neither; accordingly, the Court construes Plaintiff's failure to timely respond to Defendant's motion as a non-opposition to the motion. *See* Local Rule 230(c).

**Background**

　　　　According to the allegations of his complaint, Plaintiff is a resident of Mojave, California. (Doc. 1 ¶ 1). Defendant is a resident of Anchorage, Alaska. *Id.* ¶ 2. On September 17, 2021, the

parties were involved in an automobile accident in Cooper Landing, Alaska. *Id.* ¶¶ 4-5. Plaintiff alleges that he suffered severe personal injury attributable to Defendant's driving at an unsafe speed and/or failing to maintain a safe distance from Plaintiff's vehicle. *Id.* ¶¶ 6-7.

**Governing Legal Standard**

Venue in a civil action is proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3). "The first two paragraphs of § 1391(b) define the preferred judicial districts for venue in a typical case, [while] the third paragraph provides a fallback option." *Massie v. General Motors Co.*, No. 1:20-cv-01560-JLT, 2021 WL 2142728, at *2 (E.D. Cal. May 26, 2021) (quoting *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 56 (2013)). "When venue is improper, the district court can either dismiss the action, 'or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" *Id.* (quoting 28 U.S.C. § 1406(a)). "In determining whether to transfer or dismiss a case, the court may consider: the applicable statute of limitations, the relative injustice imposed on the parties, whether the suit was filed in bad faith or for harassment, whether the plaintiff has requested or shown an interest in a transfer, and whether the chosen venue was clearly or obviously improper." *Kelly v. Echols*, No. CIVF05118AWISMS, 2005 WL 2105309, at *12 (E.D. Cal. Aug. 30, 2005) (citations omitted). "A determination of improper venue does not go to the merits of the case and therefore [dismissal] must be without prejudice." *Massie,* 2021 WL 2142728, at *2 (quoting *In re Hall, Bayoutree Assocs., Ltd.*, 939 F.2d 802, 804 (9th Cir. 1991)).

**Discussion**

Venue in this District is improper under § 1391(b)(1) because the only defendant in this action is a resident of a different district (the District of Alaska). Thus, for venue to be proper,

Plaintiff bears the burden of establishing that this District is one "in which a substantial part of the events or omissions giving rise to the claim occurred." *Carlson Mgmt. LLC v. S&W Solutions LLC*, No. 2:22-cv-02090-MCE-JDP, 2023 WL 5806602, at *4 (E.D. Cal. Sept. 7, 2023) (quotation and citation omitted); 28 U.S.C. § 1391(b)(2).

Based on the allegations in Plaintiff's complaint, it appears that no part of the events or omissions giving rise to Plaintiff's claim occurred in this District. To the contrary, Plaintiff's apparent negligence claim is based on an event that occurred solely in the District of Alaska – an automobile accident between two vehicles driven by Plaintiff and Defendant in Cooper Landing, Alaska. Thus, because no substantial part of Plaintiff's claim occurred in this District, venue does not lie here.

While venue appears proper in the District of Alaska, the Court declines to transfer this case to that district in the interests of justice. Importantly, Plaintiff did not oppose Defendant's motion to dismiss, has not requested or shown an interest in transfer, and this District clearly is an improper venue. *See Kelly*, 2005 WL 2105309, at *12. Accordingly, the Court will grant Defendant's motion to dismiss without prejudice. *See In re Hall, Bayoutree Assocs., Ltd*., 939 F.2d at 806 (whether a transfer is in the interest of justice is a matter committed to the discretion of the district court).[1]

**Conclusion and Order**

For the foregoing reasons, Defendant's motion to dismiss for improper venue pursuant to Rule 12(b)(3) (Doc. 15) is GRANTED and this action is DISMISSED without prejudice.

The Clerk of the Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated:   **February 22, 2024**

UNITED STATES MAGISTRATE JUDGE

---

[1] The Court will retain jurisdiction over this action for the limited purpose of enforcing its order imposing sanctions upon Plaintiff and his counsel. (Doc. 25).

3